# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCO JONES, | Civil Action No. 09 - 283 |
| Plaintiff, | |
| | District Judge Terrence F. McVerry |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| | |
| THURSTON MAYS; LINDA HOOVER; DAVID LEWANDOSKI; LINDA WOODS; P.B.P.P.; PATTIE MISCO; and DENISE QUACH; | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss filed by Defendants Pattie Misco, the Pennsylvania Board of Probation and Parole and Denise Quach (ECF No. 38) be granted and that the Motion to Dismiss filed by Defendants Linda Hoover and Thurston Mays (ECF No. 41) be granted and that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

**II.    REPORT**

Plaintiff, a prisoner currently incarcerated at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania, brings this civil action complaining about actions taken that resulted in a decision made by the Pennsylvania Board of Probation and Parole (the Board) revoking his parole. Five of the Defendants have filed motions to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). In deciding these motions, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.

Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. Additionally, "a civil rights claim 'must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." ' Coronado v. Goord, No. 99 Civ. 1674, 2000 WL 1372834, at *2 (S.D.N.Y. 2000) (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)).[1] It is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have

---

1. *See also* Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951 (U.S. 2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688 ).

Two of the Defendants have not yet been served in this action: Linda Woods and David Lewandoski. This Court may review Plaintiff's claims against these defendants in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision

at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis ("IFP"), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA.[2] Several of the Defendants are officers or employees of governmental entities. In addition, Plaintiff has been granted leave to proceed in forma pauperis (ECF No. 5). Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A & 1915(e). In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[3]

## B. Plaintiff's Allegations

---

2. *See* 28 U.S.C. §§ 1915(h); 1915A(c).

3. *See, e.g.*, Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997).

Plaintiff seeks monetary relief from Defendants as well as his immediate release from prison based upon alleged violations of his civil rights in connection with the revocation of his parole and the proceedings related thereto. Specifically, Plaintiff claims that on June 23, 2008, he was released on parole from SCI-Fayette and placed at a community correctional center, Renewal Center, Inc. in Pittsburgh, Pennsylvania. He was placed into the work release program through Renewal and was employed by McDonald's restaurant. On August 8, 2008, Plaintiff alleges that Defendant, Thurston Mays, a case manager at Renewal, made an error on Plaintiff's work schedule which resulted in his termination from McDonald's. He further asserts that Mays falsely accused of him of quitting his job. As a result, he was discharged from the work release program at Renewal and on August 14, 2008, he was placed into the Penn CAPP program.[4] Upon entering that program, Plaintiff claims that he attempted to explain to supervisor, Defendant Linda Hoover about Mays' false accusations but that Hoover refused to investigate whether he quit his job or was fired because of Mays' scheduling error.

Shortly thereafter on August 28, 2008, Plaintiff was discharged from Penn CAPP and placed into custody at SCI-Pittsburgh as a parole violator. Plaintiff claims that he was told that his parole was revoked because he was involved in an altercation with another resident in Penn CAPP. On September 5, 2008, Plaintiff claims that he "was seen" by the Pennsylvania Board of Probation and Parole and that no mention was made of his altercation with another resident. Instead, Plaintiff claims that the Board addressed a false allegation that Plaintiff "kicked a door" at Penn CAPP, which Plaintiff asserts "was beyond the scope and had nothing to do with ... the reason for the plaintiff being sent back to [p]rison." Plaintiff contends that he was denied due process because Defendants did not make clear to him why his parole was revoked. He further claims denial of due process

---

4. Penn CAPP stands for Pennsylvania's Community Alternatives to Prison Program.

because he was never confronted by the Board with the allegation that he fought with another resident. Plaintiff is seeking declaratory and injunctive relief, including his immediate parole, as well as compensatory and punitive damages.

## C. Cognizance of Plaintiff's Claims

Resolution of Plaintiff's claims is dictated by the teachings of the United States Supreme Court as stated in <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490 (1973), and subsequent cases interpreting that opinion. In <u>Preiser</u>, the plaintiffs were state prisoners who were deprived of good-time credits as a result of disciplinary proceedings; they sought injunctive relief restoring their good-time credits, which would have resulted in their immediate release from confinement. In making its ruling in <u>Preiser</u>, the Court was called upon to determine the proper relationship between the Civil Rights Act and the federal habeas corpus statute, 28 U.S.C. § 2254. Despite the admitted "literal applicability" of § 1983 to the action before it, the Court concluded that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*., 411 U.S. at 500.

Over two decades later, the Supreme Court again examined the relationship between the federal civil rights law and habeas corpus actions in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the petitioner was convicted of voluntary manslaughter for killing his wife. While his direct appeal was pending in the state courts, Heck filed a suit under 42 U.S.C. § 1983 against the prosecutors in his criminal action and various members of the state police department. The complaint alleged that the defendants had engaged in an unlawful investigation and had knowingly destroyed exculpatory evidence. Heck sought compensatory and punitive damages but did not seek injunctive relief or release from custody. After reviewing its origin and history, the Court

determined that the civil rights law was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages. In so concluding, the Court announced the following rule.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. <u>Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted) (emphasis added).

In order to succeed on his claim, this Court necessarily must conclude that Plaintiff's parole revocation was unlawful based on a violation of due process. To the extent that he still is serving any portion of his backtime sentence and is seeking immediate release from prison, he is precluded from seeking such relief through a civil rights complaint because, under <u>Preiser</u>, a federal habeas corpus petition is his only available avenue for immediate release. To the extent that Plaintiff is seeking monetary damages for the length of time he has been "unlawfully incarcerated," he is precluded from seeking such relief under the Supreme Court's pronouncement in <u>Heck</u> because a judgment in his favor necessarily would implicate the validity of his conviction. As such, Plaintiff's section 1983 claim is not cognizable. <u>Heck</u>, 512 U.S. at 486 ("We hold that, in order to recover

damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.").

Here, Plaintiff has not demonstrated that he successfully has challenged his parole revocation decision. Accordingly, he cannot pursue his claim that Defendants violated his constitutional rights in this civil rights action until he can show that his revocation is legally invalidated on constitutional grounds through a writ of habeas corpus or other available means. *Accord* Bierley v. Dombrowski, 309 Fed. App'x 594 (3d Cir. 2009) (former detainee's claims challenging his parole revocation, subsequent imprisonment, and associated fees, fines, and costs, were barred by Heck v. Humphrey where the relevant parole revocation decision was never overturned or declared invalid); Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (same).[5]

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that the Motion to Dismiss filed by Defendants Pattie Misco, the Pennsylvania Board of Probation and Parole and Denise Quach (ECF No. 38) be granted and that the Motion to Dismiss filed by Defendants Linda Hoover and Thurston Mays (ECF No. 41) be granted and that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A(b)

---

5. The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). Based on the discussion above, the Court finds that it would be futile to allow Plaintiff the opportunity to file an amended complaint in this action.

for failure to state a claim upon which relief can be granted

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


December 2, 2010                                             /s/ Lisa Pupo Lenihan  
                                                                                 Lisa Pupo Lenihan  
                                                                                 United States Magistrate Judge

cc:     Marco Jones  
           GF - 8410  
           P.O. Box 9999  
           S.C.I. Fayette  
           LaBelle, PA 15450-0999